IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENJAMIN LEON BLUE, #1176709 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1032 |
| CHRISTOPHER A. HOLMAN, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Benjamin Leon Blue, an inmate confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis,* filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #63) concluding that Defendant Christopher Holman's motion for summary judgment (Dkt. #52) should be granted. Judge Mitchell also recommended that the excessive use of force claim against Defendant Quantavious Redding should be severed and transferred to the Southern District of Texas, Galveston Division. Mr. Blue has filed objections (Dkt. #66).

Factual Allegations

Mr. Blue contends that he was the victim of excessive use of force. More specifically, he alleges that Defendant Holman, a Michael Unit Captain, along with Defendant Redding, a Hospital Galveston Sergeant, brutally beat him into a coma on July 10, 2015, at the Michael Unit.

## Report of the Magistrate Judge

After reviewing the pleadings, including the use of force video tape, Magistrate Judge Mitchell concluded that the July 10, 2015 use of force occurred at Hospital Galveston in Galveston, Texas, located within the Southern District of Texas, and not at the Michael Unit, located within the Eastern District of Texas. Based on the summary judgment evidence, the Magistrate Judge recommended that Mr. Blue's excessive use of force claim against Defendant Holman should be dismissed. The Magistrate Judge also concluded that the court lacked jurisdiction over Defendant Redding and recommended that the use of force claim against Defendant Redding be severed and transferred to the Southern District of Texas, Galveston Division.

## Plaintiff's Objections to the Report and Recommendation

Mr. Blue argues in his objections that his claims against Defendant Holman should not be dismissed. Without sufficient explanation, Mr. Blue states that Defendant Holman should have taken actions, other than disciplinary actions, to correct an employee's unacceptable behavior (Dkt. #66, p. 1). He next states that "participation in or observation or having prior knowledge of the excessive deadly force/assault that took place on the Michael Unit on 7-10-2015 is a crime."

Mr. Blue complains that the Officer Statements, the Use of Force video, and photos of himself are being used by the Defendants to alter the events by means of falsifying documentary evidence in an official proceeding with the intent to impair the integrity or availability of his complaint to cover-up a crime. Mr. Blue also asks the court to consider a document attached to his objections entitled "Offender Moves/Arrivals/Departures," bate-stamped Blue-25. He argues that the names or the initials listed on Blue-25 are forged. Neither Defendant is listed on Blue-25.

Discussion and Analysis

Mr. Blue's first objection that Defendant Holman should have taken some action to correct an unnamed employee's action is overruled. In his amended complaint, Mr. Blue clearly sued Defendant Holman for excessive use of force and did not raise any claim that Defendant Holman failed to properly supervise any employee or failed to protect Mr. Blue from any other employee engaged in an excessive use of force or any other action against him. Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

As to Mr. Blue's objection that the Defendants submitted summary judgment evidence that counters his version of the events on July 10, 2015, that objection is also overruled. The Supreme Court provided instruction regarding the use of a videotape in conjunction with an excessive use of force claim in the context of summary judgment proceedings in *Scott v. Harris*, 550 U.S. 372 (2007). While citing the rule in summary judgment proceedings that the facts must be viewed in the light most favorable to the nonmoving party, the Supreme Court also specified that a court should consider a videotape that discredits a plaintiff's version of events. *Id*. at 380-81. The Supreme Court provided the following analysis: "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment . . . . Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape." *Id*., *see also,*

*Stevenson v. Vinson*, No. 9:09cv39, 2009 WL 5062068 at *8 (E.D. Tex. Dec. 15, 2009) (considering a video tape in an excessive use of force case on a motion for summary judgment).

Based on the Supreme Court's instructions in *Scott v. Harris*, the Magistrate Judge correctly reviewed and evaluated the use of force videotape applicable to this case. Based on that review, the videotape depicts that Defendant Holman was not a participant in the use of force that occurred on July 10, 2015, and that the use of force did not occur at the Michael Unit, but rather at the loading dock of Hospital Galveston in Galveston, Texas. As no reasonable jury could have believed that the use of force occurred at the Michael Unit and that Defendant Holman was a participant in the use of force, the Magistrate Judge correctly granted summary judgment on behalf of Defendant Holman.

Mr. Blue's final objection or request is that the court consider "Offender Moves/ Arrivals/Departures," bate-stamped Blue-25. He did not submit this document in his response to the Defendants' motion for summary judgment. Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d at 630; *Cupit*, 28 F.3d at 535 n.5. Furthermore, this document, Blue-25, does not counter the visual evidence on the use of force video tape nor does it implicate Defendant Holman as a participant in the July 10, 2015 use of force. Mr. Blue's final objection or request is overruled.

Magistrate Judge Mitchell appropriately addressed Mr. Blue's objections to the Defendants' summary judgment evidence. Magistrate Judge Mitchell appropriately found that the claims against Defendant Holman should be dismissed and the claims against Defendant Redding should be severed and transferred to the Southern District of Texas, Galveston Division.

Conclusion

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Blue to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Blue's objections are without merit. Therefore the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that Mr. Blue's use of force claim against Defendant Quantavious A. Redding is **SEVERED** from this cause and **TRANSFERRED** to the Southern District of Texas, Galveston Division. The Clerk of the Court shall sever and transfer this claim forthwith and without delay. 28 U.S.C. § 2241(d). Mr. Blue's excessive force claim against Sgt. Redding in his individual capacity will be addressed by the Southern District of Texas, Galveston Division. It is further

**ORDERED** that Defendant Holman's motion for summary judgment (Dkt. #52) is **GRANTED** and the lawsuit against Defendant Holman is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **March, 2018.**

_____
Ron Clark, United States District Judge